**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA, EASTERN DIVISION**

| | |
|---|---|
| **LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br><br>　　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>**MEXICO LINDO, INC., d/b/a MEXICO LINDO GRILL AND CANTINA, MEXICO LINDO II, INC., d/b/a MEXICO LINDO GRILL AND CANTINA, MEXICO LINDO III, INC., d/b/a MEXICO LINDO GRILL AND CANTINA, and ROCIO CORREA MATA, individually,**<br><br>　　　　　　　　　　*Defendants*. | Civil Action No. 3:25-cv-66<br><br>**COMPLAINT** |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*. ("FLSA" or the "Act"), Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendants Mexico Lindo, Inc., d/b/a Mexico Lindo Grill and Cantina, Mexico Lindo II, Inc., d/b/a Mexico Lindo Grill and Cantina, Mexico Lindo III, d/b/a Mexico Lindo Grill and Cantina (collectively, "Mexico Lindo"), and Rocio Correa Mata, individually ("Correa Mata;" collectively, "Defendants") from violating Sections 206, 207, 211, and 215(a)(2) of the Act and to recover compensation, plus an equal amount in liquidated damages pursuant to Section 216(c), for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. Ultimately, the Secretary's investigation reviewed

Defendants' employment and pay practices from August 28, 2022, through August 25, 2024 ("Investigation Period"). Unless otherwise stated, all allegations and conditions described herein pertain to the Investigation Period.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court by Sections 216(c) and 217 of the Act, 29 U.S.C. §§ 216(c), 217, as well as by 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

3. Pursuant to Southern District of Iowa Local Rule 3(b), because a substantial part of the underlying events herein occurred within Johnson County, the appropriate civil divisional venue is the Federal Court in Davenport, Iowa.

## DEFENDANTS

4. Mexico Lindo, Inc., d/b/a Mexico Lindo Grill and Cantina is an Iowa corporation within this Court's jurisdiction, with its headquarters and principal place of business located at 711 South Downey Street, West Branch, Iowa 53258.

5. Mexico Lindo II, Inc., d/b/a Mexico Lindo Grill and Cantina is an Iowa corporation within this Court's jurisdiction, with its headquarters and principal place of business located at 1857 Lower Muscatine Road, Iowa City, Iowa 52240.

6. Mexico Lindo III, Inc., d/b/a Mexico Lindo Grill and Cantina is an Iowa corporation within this Court's jurisdiction, with its headquarters and principal place of business located at 40 Sugar Creek Lane #5, North Liberty, Iowa 52317 (collectively, "Mexico Lindo").

7. Mexico Lindo is a full-service Mexican restaurant, with locations in West Branch, Iowa City, and North Liberty, Iowa.

8. Mexico Lindo employed employees who worked as front-of-the-house servers, as well as back-of-the-house cooks, at its West Branch, Iowa City, and North Liberty locations.

9. Defendant Rocio Correa Mata has actively managed and supervised Mexico Lindo's operations and employees from June 2015 through the present. Specifically, Defendant Correa Mata has overseen daily operations, hired and fired employees, established schedules, and set rates of pay at each respective location.

10. Defendant Correa Mata has acted directly or indirectly in Mexico Lindo's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

11. During that time, Defendants engaged in business in Johnson County, within this Court's jurisdiction.

## THE FLSA APPLIES TO DEFENDANTS

12. Mexico Lindo is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

13. Mexico Lindo is an "enterprise engaged in commerce" under the FLSA, because it had both: (i) more than two (2) employees who engaged in, or produced goods for, commerce; and (ii) an annual dollar volume greater than $500,000 for years 2021, 2022, and 2023. 29 U.S.C. § 215(a)(2).

## ENTERPRISE JOINT EMPLOYMENT

14. Mexico Lindo consists of three (3) "sister" restaurants that are engaged in the common business purpose of operating a full-service Mexican restaurant.

15. Throughout the Investigation Period, Defendant Correa Mata was the sole owner, incorporator, officer, and board of directors' member for each Mexico Lindo entity.

16.     Defendant Correa Mata exercised common control over each of the Mexico Lindo entities in that she was responsible for the supervision of employees, direction of staff, and performance of the hiring/firing at each location.

17.     During the Investigation Period, each of the Mexico Lindo locations shared employees, including but not limited to Fernando Marroquin Chacon, Pedro Matom Cedillo, Simon Maton Cedillo, Raul Pedro Cobo, Gaspar Ramirez DeLeon, Yonathan Rivera Brito, Jacinto Perez Cedillo, Bernardo Rivera Chavez, and Ever Alexander Chacon.

### DEFENDANTS' FLSA VIOLATIONS

18.     Defendants willfully and repeatedly violated Sections 206 and 215(a)(2) of the Act by compensating certain of the employees listed in *Exhibit A* at rates less than the applicable statutory minimum wage rate. Defendants are therefore liable for unpaid minimum wages and an equal amount in liquidated damages under Section 216(c) of the FLSA.

19.     During the Investigation Period, Defendants failed to pay certain front-of-the-house employees an actual wage. Specifically, certain server employees were only paid via direct cash and credit tips from customers. Under Sections 206 and 215(a)(2) of the Act, Defendants were required to pay these employees the federal minimum wage rate of $7.25 per hour.

20.     Defendants willfully and repeatedly violated Sections 207 and 215(a)(2) of the Act by compensating the employees listed in *Exhibit A* at rates less than the statutory premium overtime wage rate required by Section 207 of the FLSA. Defendants are therefore liable for unpaid overtime wages and an equal amount in liquidated damages under Section 216(c) of the Act.

21.     During the Investigation Period, Defendants failed to pay their employees one-and-one-half times their regular rate for hours worked in excess of 40 in a workweek.

22. Specifically, Defendants violated Section 207 of the FLSA when they paid certain front-of-the-house employees straight time rates of pay for hours worked in excess of 40 in a single workweek. § 207(a)(1); § 215(a)(2).

23. Further, Defendants violated Section 207 of the FLSA when they paid back-of-the-house employees a cash salary that was insufficient to compensate covered employees at the statutory premium overtime wage rate for hours worked in excess of 40 in a workweek.

24. Sections 211 and 215 of the FLSA require employers to make, keep, and preserve adequate and accurate records under 29 C.F.R. Part 516. *See* § 211(c); § 215(a)(5).

25. Defendants violated Sections 211 and 215 of the FLSA by failing to make, keep, and preserve adequate and accurate time records regarding their employees. Specifically, when they failed to keep payroll records of the following information: (1) employees' full names and social security numbers; (2) time and day of week employees' workweek begins; (3) hours worked each day; (4) total hours worked each workweek; (5) regular hourly pay rate; (6) total daily or weekly straight-time earnings; and (7) total overtime earnings for the workweek.

### REMEDIES SOUGHT

26. As a result of their FLSA violations, Defendants owe the employees listed in *Exhibit A* back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

27. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

28. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

29. Moreover, Defendants repeatedly and willfully violated Sections 206, 207, 211, and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the Act prohibited their conduct.

30. Specifically, Defendants acted willfully when they failed to pay certain front-of-the-house employees an hourly wage rate and paid back-of-the-house employees a cash salary that was insufficient to compensate such employees for all hours worked or cover statutorily-required premium overtime wage rates.

31. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wage and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

### **PRAYER FOR RELIEF**

As a result of Defendants' willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

    a. Permanently enjoining and restraining Defendants from continuing to withhold employees' unpaid minimum wage and overtime compensation, which the Courts find due under the FLSA. 29 U.S.C. § 217(a);

    b. Permanently enjoining and restraining Defendants from violating Section 206, 207, 211, and 215 of the FLSA. 29 U.S.C. § 217(a);

    c. Finding Defendants liable for unpaid minimum wages and overtime wages, plus equal amounts in liquidated damages, owing to Defendants' employees listed in ***Exhibit A*** for the Investigation Period, as well as to other of Defendants' employees not yet known to the Acting Secretary 29 U.S.C. § 216(c);

    d. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding all wages found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

    e. Finding Defendants *willfully* violated Sections 206, 207, 211, and 215 of the FLSA under 29 U.S.C. § 255(a);

    f. Providing such other relief as this Court deems just and appropriate; and

    g. Awarding costs.

**Dated: June 10, 2025**

| | |
|---|---|
| **JONATHAN L. SNARE**<br>Acting Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VAN WIJK**<br>Associate Regional Solicitor | /s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Trial Attorney (Mo. Bar No. 62509)<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 10100<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>Richardson.Boyce.N@dol.gov<br>sol.kc.docket@dol.gov<br><br>*Attorneys for **Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor*** |

## EXHIBIT A

**MEXICO LINDO I (WEST BRANCH)**

| Name |
| --- |
| De La Cruz Hernandez, Juan |
| Maria Diaz Hernandez, Ana |
| Marroquin Chacon, Fernando |
| Matom Cedillo, Pedro |
| Matom Cedillo, Simon |
| Pedro Cobo, Raul |
| Perez Cedillo, Jacinto |
| Ramirez De Leon, Gaspar |
| Rivera Chavez, Bernardo |
| Rivero Brito, Yonathan |
| |
| |

**MEXICO LINDO III (NORTH LIBERTY)**

| Name |
| --- |
| Alexander Chacon, Ever |
| Marroquin Chacon, Fernando* |
| Perez Cedillo, Jacinto* |
| Rivera Chavez, Bernardo* |
| Rivero Brito, Yonathan* |
| |
| |

*Duplicate Employee

**MEXICO LINDO II (IOWA CITY)**

| Name |
| --- |
| Alejandra Chacon, Lilibeth |
| Antonio Quelex Sequen, Marcos |
| Chacon Madrid, Gladys |
| Cruz Morales, Teodoro |
| Crus Morales, Efrain |
| Domingo De Leon, Angel |
| Francisco Franciso, Jose |
| Hurtado, Gabriela |
| Marroquin Chacon, Fernando* |
| Matom Cedillo, Pedro* |
| Matom Cedillo, Simon* |
| Morales Cruz, Reynaldo |
| Pedro Cobo, Raul* |
| Ramirez De Leon, Gaspar* |
| Raxton Patzan, Solome |
| Reyes Rivas, Paola |
| Rivera Brito, Yonathan* |
| Rivera Chavez, Pedro |
| Romero Quexel Tobar, William |
| Vargas, Manuel |
| |
| |